| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| CAROL G. UNRUH, ESQ.  SBN: 102929<br>NORMAN D. ZIFF, ESQ.  SBN: 103261<br>3000 S. ROBERTSON BLVD., SUITE 215<br>LOS ANGELES, CALIFORNIA 90034<br>310-842-9660<br>310-842-9664 fax<br><br>☐ Individual appearing without counsel<br>☒ Attorney for: MOVANT | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>EDITHA C. FENIQUITO,<br><br>Debtor(s). | CHAPTER: 13 |
|---|---|
| | CASE NO.: 2:10-bk-22810 VZ |
| | DATE: 6/1/10<br>TIME: 9:30 AM<br>CTRM: 1368<br>FLOOR: 13th FL |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER
## 11 U.S.C. § 362(l) (with supporting declarations)
### (MOVANT: BON INVESTMENTS, a California General Partnership )
### (Unlawful Detainer)

1. NOTICE IS HEREBY GIVEN to the Debtor(s), Debtor's(s') attorney, and other interested parties ("Responding Party") that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay or for an order confirming that the automatic stay does not apply as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

   ☐ NOTICE IS ALSO GIVEN to the Trustee as an additional Responding Party, because the Motion relates to a nonresidential property.

2. Hearing Location:  ☒ 255 East Temple Street, Los Angeles     ☐ 411 West Fourth Street, Santa Ana
   ☐ 21041 Burbank Boulevard, Woodland Hills     ☐ 1415 State Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of the Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:
      ☐ at the hearing     ☐ at least _____ court days before the hearing.
   
   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
   
   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.
   
   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

(Continued on next page)

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                                                  F 4001-1M.UD

| In re<br>EDITHA C. FENIQUITO, | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-bk-22810 VZ |

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 5/10/10

LAW OFFICES OF CAROL G. UNRUH/NORMAN D. ZIFF
*Print Law Firm Name (if applicable)*

CAROL G. UNRUH
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-1M.UD

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| EDITHA C. FENIQUITO, | Debtor(s). | CASE NO.: 2:10-bk-22810 VZ |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)
**(MOVANT:** BON INVESTMENTS, a California General Partnership **)**

1. **The Property at Issue:** Movant moves for relief from the automatic stay to obtain possession of the residential or nonresidential premises at the following address (the "Property"):

    Street Address:  
    Apartment/Suite No.: 27855 MONTEREINA DRIVE aka 27855 S. MONTEREINA DRIVE  
    City, State, Zip Code: RANCHO PALOS VERDES. CALIFORNIA 90275

    The Property is: ☒ Residential    ☐ Nonresidential

2. **Case History:**
    a. ☒ A voluntary  ☐ An involuntary petition under Chapter ☐ 7  ☐ 11  ☐ 12  ☒ 13 was filed on (specify date): 4/3/10
    b. ☐ An Order of Conversion to Chapter ☐ 7  ☐ 11  ☐ 12  ☐ 13 was entered on (specify date):
    c. ☐ Plan was confirmed on (specify date):
    d. ☐ Other bankruptcy cases of the Debtor were pending within the year ending on the petition date. See attached Declaration.
    e. ☐ Other bankruptcy cases affecting this Property have been pending within the two years ending on the petition date. See attached Declaration.

3. **Grounds for Relief from Stay:** (Check all that apply)
    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of petition date, Debtor(s) had no right to continued occupancy of the premises, as follows:
        (1) ☐ An unlawful detainer judgment in favor of Movant was entered prepetition.
            A. ☐ The debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).
            B. ☐ The debtor or adult dependent of debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.
            C. ☐ The debtor or adult dependent of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.
            D. ☐ The Movant has filed and served an objection to the certification referenced in (a)(1)(A) and/or (a)(1)(C) above. A copy of the objection is attached hereto as Exhibit _____. A hearing on this objection is set for: _____.
        (2) ☒ An unlawful detainer proceeding was commenced prepetition.
        (3) ☒ Movant acquired title to the premises by foreclosure sale prepetition and recorded the deed within the period provided by state law for perfection.
        (4) ☐ Movant acquired title to the premises by foreclosure sale postpetition and recorded the deed within the period provided by state law for perfection.
        (5) ☐ The lease or other right of occupancy expired by its terms prepetition.
        (6) ☐ The lease has been rejected or deemed rejected by operation of law.
        (7) ☐ Lease payments have not been made since the filing of the petition.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                              **F 4001-1M.UD**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| EDITHA C. FENIQUITO, | | |
| | Debtor(s). | CASE NO.: 2:10-bk-22810 VZ |

(8) ☐ An eviction action has been filed to obtain possession of the subject residential property on grounds of endangerment of the property **or** because of illegal use of controlled substances on the property and Movant has filed and served upon Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification Debtor has endangered the subject property or illegally allowed the use of controlled substances on the property. A copy of Movant's certification is attached as Exhibit _____. Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for: _____.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

  (1) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

  (2) ☐ Other bankruptcy cases have been filed asserting an interest in the same property.

  (3) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

  XX Debtor has been unemployed for several years, has a negative budget. Plan proposes $0.

4. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

☒ Movant submits the attached Unlawful Detainer Declaration to provide evidence in support of this Motion pursuant to Local  Exh. 4
Bankruptcy Rules.

☐ Other Declaration(s) are also attached in support of this Motion.

**WHEREFORE, Movant prays that this Court issue an Order granting the following** *(specify forms of relief requested)*:

1. ☒ Termination of the stay to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the Property.

2. ☒ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as set forth in the attached Declaration(s).

3. ☐ An order confirming that the automatic stay does not apply.

4. ☐ Alternatively, if immediate relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable:

   a. Establishment of a deadline for assumption or rejection of the lease.

   b. Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    F 4001-1M.UD

| In re | (SHORT TITLE) | | CHAPTER: 13 |
|---|---|---|---|
| EDITHA C. FENIQUITO, | | Debtor(s). | CASE NO.: 2:10-bk-22810 VZ |

5. Additional provisions requested:
   a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b. ☒ Termination or modification of the Co-debtor Stay of 11 U.S.C. § 1201 or § 1301 as to the above-named co-debtor, on the same terms and conditions.
   c. ☒ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.
   d. ☒ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.
   e. ☐ For other relief requested, see attached continuation page.

Dated: 5/10/10

Respectfully submitted,

BON INVESTMENTS, a California General Partnership
*Movant Name*

LAW OFFICES OF CAROL G. UNRUH/NORMAN D. ZIFF
*Firm Name of Attorney for Movant (if applicable)*

By: *[signature]*
*Signature*

Name: CAROL G. UNRUH
*Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-1M.UD

F 4001-1M.ER

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| EDITHA C. FENIQUITO, | Debtor(s). | CASE NO.: 2:10-bk-22810 VZ |

## *(OPTIONAL)*
## EXTRAORDINARY RELIEF ATTACHMENT
**(MOVANT:** BON INVESTMENTS, a California General Partnership **)**
*(This Attachment is the continuation page for Paragraph 5d of the Relief From Stay Motion)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings or otherwise, Movant also asks that the Order include the following provisions:

1. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

2. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of this Motion
    ☐ without further notice.
    ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of this Motion
    ☐ without further notice.
    ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☒ That the Order be binding and effective in any future bankruptcy case, no matter who the Debtor(s) may be
    ☒ without further notice.
    ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☐ That the Debtor(s) be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void.

6. ☐ That the Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this Motion
    ☐ without further notice.
    ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☒ Other *(specify)*:
    Movant requests relief under In re Sanya Smith.

Revised May 2004

F 4001-1M.ER

This form is OPTIONAL TO THE JUDGE and may only be used if the judge to whom the case has been assigned allows such extraordinary relief to be requested by motion. Many judges require the filing of an adversary proceeding to obtain some or all of these forms of relief.